```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
ARTHUR J. GALLAGHER & CO.,                    :
                                              :    CASE NO. 16-CV-00284
        Plaintiff,                            :
                                              :
    v.                                        :    OPINION AND ORDER
                                              :    [Resolving Doc. 32]
KYLE ANTHONY,                                 :
                                              :
        Defendant.                            :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 17, 2016, Plaintiff Arthur J. Gallagher & Co. moved to exceed deposition time limits.[1] On April 11, 2016, this Court issued a case management order limiting depositions to 20 hours per party.[2] Plaintiff has taken depositions amounting to 19.6 hours so far. Plaintiff now moves to conduct two additional depositions. For the reasons below, this Court **DENIES** the Plaintiff's motion to exceed deposition time limits.

## Law and Discussion

Generally, discovery is available "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[3] " '[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."[4]

"Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the

---

[1] Doc. 32. Defendant Opposes: Doc. 34. Plaintiff Replies: Doc. 35.
[2] Doc. 26.
[3] Fed. R. Civ. P. 26(b)(1).
[4] *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Case No.16-CV-00284
Gwin, J.

needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."[5] These factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting "their original place in defining the scope of discovery."[6] "Restoring proportionality" is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions.[7]

Plaintiff moves to take the deposition of Oswald Companies Chief Executive Officer, Joseph DuBois, and the deposition of Oswald Companies' Marketing Director, Christine Schmitz. Plaintiff Gallagher estimates that each deposition would take 2 hours, for a total of 4 additional hours of depositions.

Plaintiff has already had an opportunity to take the deposition of Oswald Companies' CEO, Robert Klonk. Plaintiff Gallagher has also deposed Defendant Kyle Anthony who now works at Oswald. Further, Plaintiff has conducted nine depositions and issued over 30 subpoenas. Given this context, this Court finds that the burden or expense of conducting two additional non-party depositions outweighs its likely benefits in this case.

### Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion to exceed deposition time limits.

IT IS SO ORDERED.

Dated: May 24, 2016　　　　　　　　　　　　　　*s/　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[5] *Surles*, 474 F.3d at 305 (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)).
[6] Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.
[7] *Id*.