UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

ARTHUR J. GALLAGHER & CO.,

      Plaintiff,

  v.

KYLE ANTHONY,

      Defendant.

------------------------------------------------------

CASE NO. 16-CV-00284

OPINION AND ORDER
[Resolving Doc. 31]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 17, 2016, Plaintiff Arthur J. Gallagher & Co. filed a motion for an order requiring expedited response to a subpoena.[1] Plaintiff specifically seeks documents from third-party witness Rich Manson, Vice President of Olympic Steel. For the reasons below, this Court **DENIES** the Plaintiff's motion for expedited response to subpoena.

### Law and Discussion

Plaintiff issued a subpoena *duces tecum* for records from third-party Olympic steel on April 18, 2016. Plaintiff then deposed Rich Manson of Olympic Steel on May 11, 2016. Plaintiff says that the deposition revealed that Manson possessed documents which he had not previously produced. These documents include: text messages between Mr. Mason and Defendant Anthony, cell phone records showing personal or business calls between Mr. Manson and Defendant Anthony, calendar entries reflecting meetings, and text and cell phone records between Mr. Manson and Tara Zick, an employee who departed Gallagher shortly after Defendant Anthony resigned. Further, Plaintiff seeks metadata for three documents previously provided.

---

[1] Doc. 31.

Case No. 16-cv-00284
Gwin, J.

Generally, Federal Rule of Civil Procedure 26(b) enables parties to discover any non-privileged evidence or information relevant to their claim.[2] However, district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce.[3]

Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its "burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."[4] These factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting "their original place in defining the scope of discovery."[5] "Restoring proportionality" is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions.[6]

Here, the Court finds that the discovery request is overly broad. Plaintiff Gallagher has had ample opportunity to conduct discovery with third party Olympic, and this late request for expedited production of text messages, cell phone records, and metadata would be unduly burdensome to produce.

---

[2] Fed.R.Civ.P. 26(b)(1).
[3] Fed.R.Civ.P. 26(b)(2); *see also Scales,* 925 F.2d at 906 ("Th[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant."); *Coleman v. Am. Red Cross,* 23 F.3d 1091, 1096 (6th Cir.1994); *Trevino v. Celanese Corp.,* 701 F.2d 397, 406 (5th Cir. 1983) (citation omitted) ("[T]he scope of discovery . . . is limited only by relevance and burdensomeness.").
[4] *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).
[5] Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.
[6] *Id.*

Case No. 16-cv-00284
Gwin, J.

## Conclusion

For the reasons above, this Court **DENIES** Plaintiff's motion for expedited response to subpoena.

IT IS SO ORDERED.

Dated: May 24, 2016   *s/      James S. Gwin*
　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE