UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
ARTHUR J. GALLAGHER & CO.,            :
: CASE NO. 16-CV-00284
Plaintiff,           :
:
v.                     : OPINION AND ORDER
: [Resolving Doc. 33]
KYLE ANTHONY,                          :
:
Defendant.          :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On May 16, 2016 Plaintiff Arthur J. Gallagher & Co. filed a motion for leave to file first amended complaint instanter. On May 17, 2016, this Court granted Plaintiff's motion for leave to file instanter the first amended complaint. On May 17, 2016, Defendant Kyle Anthony filed a motion for reconsideration of this Court's granting of the motion for leave to amend the complaint. For the reasons below, this Court **DENIES** the Defendant's motion for reconsideration.

**Law and Discussion**

After a responsive pleading has been filed to a complaint, Federal Rule of Civil Procedure 15(a) provides that a party may file an amended complaint "only by leave of court or by written consent of the adverse party."[1] Rule 15(a) provides that such "leave shall be freely given when justice so requires."[2] Rule 15 "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings,'"[3] and therefore assumes "a liberal

---
[1] Fed. R. Civ. P. 15(a).
[2] *Id.*
[3] *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward,* 689 F.2d 637, 639 (6th Cir.1982)).

Case No. 16-cv-00284
Gwin, J.

policy of permitting amendments."[4] However, several factors should be considered in determining whether to grant a motion to amend: "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment are all factors which may affect the decision."[5]

Plaintiff moved to amend the complaint for the purpose of correcting typographical errors and to add an Addendum that should have been attached to the exhibit to the original Complaint but was inadvertently omitted. Defendant does not seem to oppose the typographical corrections. Instead, Defendant Anthony argues that this Court should not have given Plaintiff leave to amend the complaint by attaching the omitted exhibit.

However, Defendant Anthony received the Addendum from Plaintiff in the course of discovery. Further, it seems unlikely that Defendant was completely unaware of the addendum given that it was a part of its own employment agreement with Plaintiff Gallagher. The addendum is relevant to the dispute at hand and does not unfairly prejudice the Defendant.

## Conclusion

For the reasons above, this Court **DENIES** Defendant's motion for reconsideration.

IT IS SO ORDERED.

Dated: May 24, 2016               *s/        James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[4] *Ellison v. Ford Motor Co.,* 847 F.2d 297, 300 (6th Cir. 1988).
[5] *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001).