UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
ARTHUR J. GALLAGHER & CO.,          :   CASE NO. 16-CV-00284
                                    :
      Plaintiff,                 :
                                    :
   v.                              :   OPINION AND ORDER
                                    :   [Resolving Doc. 40]
KYLE ANTHONY,                       :
                                    :
      Defendant.                 :
                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Gallagher contends that Defendant Anthony violated his non-solicitation agreement, tortiously interfered with Gallagher's business, and unlawfully disclosed trade secrets in connection with client departures from Gallagher.[1] Seven companies left Gallagher after Defendant Anthony resigned from Gallagher. Non-party National General Management Corporation was one of those seven companies.[2]

National General has filed a motion to quash Gallagher's May 12, 2016 subpoena.[3] Plaintiff Gallagher opposes the motion.[4] For the reasons below, this Court **DENIES** National General's motion to quash subpoena but **LIMITS** the scope of the subpoena to all communications between Anthony and National General from November 18, 2015 to March 22, 2016.

---

[1] Doc. 1.
[2] Doc. 67.
[3] Doc. 40.
[4] Doc. 67.

**Legal Standard**

Generally, discovery is available "regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."[5] " '[D]istrict courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce."[6]

"Specifically, the Federal Rules of Civil Procedure instruct district courts to limit discovery where its 'burden or expense . . . outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."[7] These factors are retained in revised Fed. R. Civ. P. 26(b)(1), reflecting "their original place in defining the scope of discovery."[8] "Restoring proportionality" is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions.[9]

**Discussion**

On May 12, 2016, Plaintiff Gallagher issued a subpoena setting forth eleven separate requests for production of documents upon non-party National General. National General filed a motion to quash, claiming that the subpoena is unduly burdensome, requests irrelevant information, and provides an unreasonable time period for responding.[10]

Plaintiff Gallagher asserts that it initiated a phone call with National General in an effort to resolve the issues raised in the Motion to Quash. Gallagher says it agreed to narrow the scope

---

[5] Fed. R. Civ. P. 26(b)(1).
[6] *Info–Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).
[7] *Surles*, 474 F.3d at 305 (quoting former Fed. R. Civ. P. 26(b)(2)(C)(iii)).
[8] Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.
[9] *Id*.
[10] Doc. 40.

of its subpoena to communications between National General and Kyle Anthony and Oswald from November 18, 2015 to the present.[11]

Because Oswald is not a named defendant in this matter, this Court will limit the subpoena request to communications between National General and Anthony only. Communications between Anthony and National General are germane to the case in determining whether Anthony is liable.

Further, this Court limits the timeframe of the requested documents to between November 15, 2015, the date Anthony left Gallagher, and March 22, 2016, the date Gallagher learned that National General intended to change its Broker of Record.

## Conclusion

For the reasons above, this Court **DENIES** National General's motion to quash subpoena but **LIMITS** the scope of the subpoena to all communications between Anthony and National General from November 18, 2015 to March 22, 2016.

IT IS SO ORDERED.

Dated: June 22, 2016            *s/ James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[11] Doc. 67, Exh.A.